Opinion of the Court, by
Ch. J. Boyle.
THIS was an action upon the case, for slander. The declaration contains two counts: The first for a libel importing a charge of the want of chastity, and the second for words spoken of like import. Not guilty, and a justification, were pleaded, and a verdict and judgment were given for the plaintiff; to reverse which, the defendant prosecutes this writ of error.
The first point we shall notice, grows out of a bill of exception taken to the opinion of the court overruling the motion of the defendant to instruct the jury to disregard the second count in the declaration, because the words were not actionable. In deciding this point, it is proper to remark, that the words were spoken prior to the passage of the act of 1811 making words containing a charge of fornication or adultery, when spoken of a female, actionable. The question in this case, therefore, *188 must be decided upon the principles of the common law. According to those principles, it was held, in the case of Elliott vs. Ailsberry, 2 Bibb 473, that words, when spoken, which conveyed an imputation of the want of chastity, were not actionable. We are still of opinion that decision is correct, and consonant, as well to the American adjudications as to the whole tenor of English authorities. The court below, therefore, erred in not instructing the jury to disregard the second count.
The next question we shall consider, is, whether the first count alleges matter which is actionable. It does not follow, that the libel is not actionable, because words of similar import, when spoken, are held not to be so; for the rule with respect to written slander, is different from that which prevails when it is only verbal. Words, to be actionable when spoken of a person not in any office, trade or profession, must imply the imputation of an offence which would subject him to corporal, or other infamous punishment; but words, when written, if they tend to degrade or disgrace, or to render odious or ridiculous the person of whom they are written, will be libellous, and consequently actionable. This distinction between written and verbal slander, is abundantly established by the most unquestionable authorities, and clearly shows that the words contained in the libel charged in the first count, are actionable, though they are not so when spoken. 2 Wilson’s Rep. 403-4; 4 Com. Dig. 715.
The first count is therefore good, though the last count is faulty; but as the court erred in not instructing the jury to disregard the last count, the judgment must, for that cause, be reversed.
Judgment reversed with costs, and the cause remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.